UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA

o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o

In re:                                                                      :     Case No. 10-10071
                                                                                    (Chapter 11)
                                                                               :
VEBLEN WEST DAIRY LLP,
Tax ID/EIN: 26-2017857,                              :

            Debtor.                                           :

o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o

**AGSTAR'S MOTION FOR
APPOINTMENT OF A TRUSTEE**

AgStar Financial Services, PCA and AgStar Financial Services, FLCA ("AgStar"), by and through attorneys of record, Woods, Fuller, Shultz & Smith P.C., moves for the appointment of a Trustee on the following grounds:

1. The Debtor ("West") filed a voluntary Chapter 11 petition in bankruptcy on or about April 7, 2010.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157, and the Order of General Reference, dated July 27, 1984, entered by United States District Court, District of South Dakota.

3. This contested matter arises under 11 U.S.C. § 1104 as well as Bankruptcy Rules and Procedure 2007.1, 9013 and 9014. This is a core proceeding.

4. 11 U.S.C. § 1104 provides in relevant part:

<u>Appointment of a Trustee or Examiner</u>
(a) At any time after the commencement of the case, but before confirmation of a Plan, on request of a party in interest or the United States Trustee, and after notice and hearing, the Court shall order the appointment of a Trustee -
(1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the Debtor by current management, either before or after the commencement of the case, or similar case, but not including the number of holders of securities of the Debtor or the amount of assets or liabilities of the Debtor;
(2) if such appointment is in the interest of creditors, any equity security holders, other interests of the estate, without regard to the number of securities of the debt or amount of assets or liabilities of the Debtor.

5. The Debtor is large dairy located in northeast South Dakota (Marshall County).

6. West and Veblen East Dairy Limited Partnership ("East") are part of an integrated dairy production system together with The Dairy Dozen-Milnor, LLP, which has filed bankruptcy in the District of North Dakota, Case No. 10-30377, The Dairy Dozen-Thief River Falls, LLP, which has filed bankruptcy in the District of Minnesota, Case No. 10-60438, along with New Horizon Dairy, LLP, Vantage Cattle Company, LLP, and Short Foot Calf Ranch, Inc. All of the dairy entities are managed by Prairie Ridge Management, LLC ("PRM"). In addition, there is common, but not mirror image ownership and management, including most particularly, Rick Millner, involving the various entities. In addition, the underlying owners of some of the entities are personal guarantors of the AgStar debt and do business with some of the entities.

7. East and West are located in close proximity to one another.

8. The Debtor's dairy operation encompasses all those things normally associated with the operation of a dairy, including cows in various stages of production, calves, feed, equipment, barns, parlors, milk, proceeds, feed and the employees necessary to manage and run the day to day operation of the dairy, including but not limited to, waste control and disposal.

9. East is indebted to AgStar in the approximate amount of $33 million. West is indebted to AgStar in the approximate amount of $18 million

10. AgStar holds a valid and perfected first blanket security interest in all of the personal property owned by the Debtor. In addition, AgStar also holds a valid and perfected first blanket security interest in all of the personal property of East. AgStar also holds priority mortgages on the real estate that underlies both dairies.

11. East is not currently in bankruptcy, however, it is under a State Court receivership ordered by the Minnesota District Court, CIV.10-714, and an ancillary appointment of that receiver by Order entered in Marshall County State Circuit Court on March 23, 2010. Value-Added Science & Technologies, L.L.C., acting through Steven Weiss, its Manager, is serving as Court appointed Receiver.

12. AgStar hereby incorporates the facts, allegations and law contained in its Memorandum of Law in Support of Motion for Appointment of Chapter 11 Trustee filed separately in this action.

13. The Debtor has encountered and continues to confront significant environmental difficulties with the South Dakota DENR. The issues have been severe and serial. The Debtor's most recent difficulty occurred on April 1, 2010, when the Debtor and Rick Millner received another Notice of Violation ("NOV") from the DENR. The April NOV includes an Addendum alleging that the Debtor (a) failed to report discharge of processed wastewater; (b) failed to maintain permanent markers; (c) used an unapproved stacking pad without Departmental approval; (d) applied manure to a field not in the Debtor's approved nutrient management plan; (e) failed to have records available to document the dates and methods of application of land application sites; (f) failed to conduct and document daily inspection when land applying processed wastewater manure; and (g) filed to maintain records for five (5) years all in violation of SDCL Chap. 34(a)(2) and existing permits.

14. Although the Debtor has signed an Amended Settlement Agreement with the DENR temporarily resolving existing deficiencies by promising to resolve them going forward, the costs and expenses associated with compliance will be substantial and probably unaffordable under the Debtor's current financial structure. When the Debtor fails to meet the deadlines or its obligations under the Amended Settlement Agreement, the existing dairy herd could be required to be reduced or eliminated going forward.

15. The Debtor's environmental woes are mirrored by similar or worse environmental issues in sister bankruptcies in North Dakota and Minnesota. The violations in North Dakota and Minnesota also depict a history of noncompliance with rules, statutes and permits. Minnesota only recently declared the bankrupt dairy located there a public health hazard.

16. The Debtor is not in a position to offer adequate protection for use of cash collateral to AgStar on an ongoing basis. Although South Dakota has apparently yet to take a position, the vast majority of the states that have confronted the issue of whether 11 U.S.C. § 552(b) cuts off a secured creditors' security interest in farm products, including post-petition milk and newly born livestock, have concluded that it does not. Therefore, the Debtor cannot adequately protect AgStar for use of its cash collateral by offering it something it already has - post-petition milk and post-petition born livestock.

17. AgStar is willing to work with a competent and independent *Trustee* to protect the assets of the estate and the related going concern value to the extent feasible.

18. The Debtor lost approximately $4.4 million in 2009 and conditions in 2010 are only marginally improved.

19. The Debtor's bookkeeping functions are performed by PRM, a company primarily owned and operated by Richard Millner. Mr. Millner is also the authorized agent for the Debtor and some of the related entities.

20. The Debtor's List of Creditors Holding the 20 Largest Unsecured Claims differs significantly from its March 19, 2010, Aging of Accounts Payable Summary. The notable differences include insider claims to Cliff Viessman, Inc. for $366,747.18, Veblen East for $774,934.44 and for Prairie Ridge Management Company for $210,427.97.

21. Based on information and belief, certain purchase agreements and assignments involving various owners and insiders of the dairies have been executed.

22. Substantial sums owed by Veblen East to certain insiders and/or guarantors have been assigned to the Debtor in exchange for promissory notes. Apparently, this has been done so that the Debtor can offset debts that it owes Veblen East.

23. Based on information and belief, there are similar insider payments, transfers and assignments that are suspect.

24. There is no assurance that livestock have been properly identified and accounted for as they move among and between the various dairy entities.

25. It also appears that extraordinary cattle movements among and between the entities have recently occurred.

26. There is no assurance at this time that machinery and equipment have been properly identified and associated with the appropriate dairy, nor that the inter-company transfers of machinery and equipment used by any of the related dairies have been properly accounted for.

27.     It appears that PRM, as directed by Mr. Millner, has unilaterally removed and/or encouraged many employees from Veblen East to move to the Debtor.

28.     Debtor, Veblen East and related entities, including manager, PRM, owners and guarantors are so inextricably intertwined so as to interfere with the overall management and control of the borrower dairies, including the Debtor.

29.     The Debtor in possession has a fiduciary duty to the bankruptcy estate. The fiduciary obligation consists of a duty of care and duty of loyalty. For a debtor in possession, this duty includes an obligation to refrain from self-dealing to avoid conflict of interest, to avoid the appearance of impropriety, to treat all parties to the case fairly and to maximize the value of the estate.

30.     Given PRM's management contracts and Mr. Millner's involvement in all of these entities, including the Debtor, it is doubtful that these fiduciary obligations can be met.

31.     The foregoing constitutes cause for appointment of a Chapter 11 trustee. Appointment of a Chapter 11 trustee would be in the best interest of the creditors and the estate.

WHEREFORE, AgStar prays that the Court appoint a trustee and for such other relief as the Court deems just and equitable in the premises.

Dated this 16th day of April, 2010.

        WOODS, FULLER, SHULTZ & SMITH P.C.

By /s/ Roger W. Damgaard
Roger W. Damgaard (#340)
300 South Phillips Avenue, Suite 300
Post Office Box 5027
Sioux Falls, South Dakota 57117-5027
Attorneys for AgStar Financial Services, PCA
and AgStar Financial Services, FLCA
Telephone (605) 336-3890
Fax No. (605) 339-3357
E-mail: Roger.Damgaard@woodsfuller.com