**United States Bankruptcy Court**
**District of South Dakota**

Charles L. Nail, Jr.
Bankruptcy Judge



---

Federal Building and United States Post Office                    Telephone: (605) 945-4490
225 South Pierre Street, Room 211                                          Fax: (605) 945-4491
Pierre, South Dakota  57501-2463

Via Electronic Transfer

November 30, 2011

Roger W. Damgaard, Esq.
Sander J. Morehead, Esq.
Attorneys for AgStar
Post Office Box 5027
Sioux Falls, South Dakota  57117-5027

Kenneth Corey-Edstrom, Esq.
Ryan N. Boe, Esq.
Attorneys for Larkin Hoffman Daly & Lindgren, Ltd.
1500 Wells Fargo Plaza
7900 Xerxes Avenue South
Minneapolis, Minnesota  55431-1194

Robert T. Kugler, Esq.
Bryant D. Tchida, Esq.
Attorneys for Vantage Cattle Co., LLP and
Prairie Ridge Management Co., LLC
150 South Fifth Street, Suite 2300
Minneapolis, Minnesota  55402

Trustee Forrest C. Allred
14 Second Avenue Southeast, Suite 200
Aberdeen, South Dakota  57401

    Subject:  *In re Veblen West Dairy LLP*
                  Chapter 11, Bankr. No. 10-10071

Dear Counsel:

    I have reviewed AgStar Financial Services, FLCA, AgStar Financial Services, PCA, and Veblen West Acquisition, LLC's Request for Allowance and Payment of Administrative Expense Claim, the other parties' responses, and the related briefs. Based on the law and arguments presented, I conclude there is a legal basis for AgStar Financial Services, FLCA, AgStar Financial Services, PCA, and Veblen West Acquisition, LLC to make a request under 11 U.S.C. §§ 503(b) and 507(b), and they

Re: *Veblen West Dairy LLP*
November 30, 2011
Page 2

may present evidence to establish their entitlement and the amount owed.

<u>Summary</u>.  AgStar Financial Services, FLCA, AgStar Financial Services, PCA, and Veblen West Acquisition, LLC ("AgStar") filed a Request for Allowance and Payment of Administrative Expense Claim ("request") (doc. 655).  Larkin Hoffman Daly & Lindgren, Ltd. objected (doc. 691), as did Prairie Ridge Management Company, LLC ("Prairie Ridge") and Vantage Cattle Company, LLP ("Vantage Cattle") (doc. 694).  The Court held an initial hearing and set a briefing schedule on the issue of whether applicable law permitted AgStar's request (doc. 721).  AgStar and Prairie Ridge and Vantage Cattle filed briefs (docs. 725 and 726, respectively), and the Court took the matter under advisement.[1]

<u>Discussion</u>.  As stated in *Bank of New York Trust Co. NA v. Pacific Lumber Co. (In re Scopac)*, 624 F.3d 274, 282 (5th Cir. 2010),

> [A]dequate protection of a secured creditor's collateral and its fallback administrative priority claim are tradeoffs for the automatic stay that prevents foreclosure on debtors' assets:  the debtor receives "breathing room" to reorganize, while the present value of a creditor's interests is protected throughout the reorganization.  *In re Stembridge*, 394 F.3d 383, 387 (5th Cir. 2004).  A secured creditor whose collateral is subject to the automatic stay may first seek adequate protection for diminution of the value of the property, 11 U.S.C. §§ 362(d)(1), 363(e), 364(d), and then, if the protection ultimately proves inadequate, a priority administrative claim under § 507(b).  Section 507(b) of the Bankruptcy Code allows an administrative expense claim under § 503(b) where adequate protection payments prove insufficient to compensate a secured creditor for the diminution in the value of its collateral.  "It is an attempt to codify a statutory fail-safe system in recognition of the ultimate reality that protection previously determined the 'indubitable equivalent' . . . may later prove inadequate." *In re Carpet Ctr. Leasing Co., Inc.*, 4 F.3d 940, 941 (11th Cir. 1993) (internal quotation marks and citations omitted).

Thus, the code provides the necessary mechanism for AgStar's present administrative expense request.

To establish its entitlement to an administrative expense under § 507(b), AgStar must show by a preponderance of the evidence its request is allowable as an

---

[1] A settlement is pending whereby Prairie Ridge and Vantage Cattle have agreed to withdraw their objection to AgStar's request (docs. 754 and 755).  The Court did not approve an earlier, similar settlement (doc. 748).

Re: *Veblen West Dairy LLP*
November 30, 2011
Page 3

administrative expense under § 503(b), and it must show the adequate protection payments it has received were inadequate. *In re Farmland Industries, Inc.*, 2003 WL 1906467, *2 (Bankr. W.D. Mo. 2003); *In re Mendez*, 259 B.R. 754, 757-58 (Bankr. M.D. Fla. 2001).[2] For the request to be allowable under § 503(b), AgStar's biggest hurdle will be to demonstrate the expenses incurred benefitted the estate in a demonstrable way. *In re Double G Trucking of the Arlatex, Inc.*, 442 B.R. 684, 687 (Bankr. W.D. Ark. 2010) (citations therein). As noted by Prairie Ridge and Vantage Cattle, the benefit cannot be merely tangential or incidental, and it must have accrued to Debtor, not just AgStar. *Rice v. Bennett* (*In re Supermarket Investors, Inc.*), 441 B.R. 333, 342-44 (Bankr. E.D. Ark. 2010); *Farmland*, 2003 WL 1906467, at *5 (citations therein).

The Court will hold a status conference on December 15, 2011 to set the date, time, and place for an evidentiary hearing on AgStar's request. At the status conference, the Court will ask Trustee Allred to provide a report on the available assets in this case. The Court has already determined AgStar's post-petition security interest extends to milk produced post-petition and to the proceeds of that milk (doc. 265). Nearly all assets of the estate have been liquidated. The Court does not recall any order against AgStar under 11 U.S.C. § 506(c), and no party has filed a motion under 11 U.S.C. § 552(b)(1) asking the Court to curtail AgStar's post-petition security interest based on the "equities of the case." Thus, the Court's question for Trustee Allred is whether there are any assets not subject to AgStar's liens that would be available to pay any administrative expenses.[3]

The Court will enter a separate order setting the status conference.

Sincerely,

Charles L. Nail, Jr.
Bankruptcy Judge

On the above date, a copy of this document was mailed or faxed to the parties shown on the Notice of Electronic Filing as not having received electronic notice and Debtor(s), if Debtor(s) did not receive electronic notice.

CLN:sh
Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota

cc: case file (docket original; serve parties in interest)

NOTICE OF ENTRY
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered on the date shown above.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota

---

[2] There is no dispute AgStar was expressly awarded adequate protection earlier in the case. *See Mendez*, 259 B.R. at 757-58.

[3] In its request, AgStar mentioned approximately $20,000.00 in co-op redemptions that still need to be liquidated, but it was unclear whether it claimed a security interest in those assets.